## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter the "Agreement") is made and entered into by and among Plaintiff Erin Johnson ("Johnson"), and Defendants IT Business Management Solutions, Inc. ("ITBMS"), Tata Consultancy Services, Ltd. ("TCS"), and The Home Depot, Inc. ("Home Depot") (collectively, "Defendants"), on the date fully executed by all Parties below. Plaintiff and Defendants shall collectively be referred to hereinafter as the "Parties."

W I T N E S S E T H:

WHEREAS, Johnson filed a lawsuit against Defendants, styled: ERIN JOHNSON v. IT BUSINESS MANAGEMENT SOLUTIONS, INC., TATA CONSULTANCY SERVICES, LTD., and THE HOME DEPOT, INC., in the United States District Court for the Northern District of Georgia, Civil Action No. 1:13-cv-02810-ODE (the "Lawsuit");

WHEREAS, Defendants vehemently deny any and all claims and allegations contained in the Lawsuit; and

WHEREAS, the Parties desire to settle fully and finally all claims asserted by Johnson against Defendants in the Lawsuit; all claims that may have arisen or may arise from her employment or engagement by any of the defendants and all differences between the Plaintiff and any of the Defendants;

NOW, THEREFORE, in consideration of the terms and mutual promises contained herein, the parties agree as follows:

1. <u>No Admission</u>. This Agreement is in compromise of disputed claims between and among the parties hereto. Defendants are entering into this Agreement solely to avoid the expense and inconvenience of further litigation, and not because they believe any of Johnson's claims have or had any merit whatsoever. Nothing herein shall be construed as an admission by Defendants, or by any of Defendants' current or former employees or agents, of a breach of any duty, obligation, or contract, a violation of any right of Johnson or of any other person, or a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law. Defendants specifically disclaim any liability to, any breach of any duty or obligation to, or any unlawful action against Johnson or any other person. Defendants also specifically deny any violations of any statute, regulation, judicial doctrine, or other law as alleged in the Lawsuit, or may have been alleged, or otherwise.

2. <u>Payments</u>. For and in consideration of the promises and other consideration described in this Agreement, ITBMS shall make payment to Johnson and her counsel, the law firm of Barrett & Farahany, LLP, in an amount totaling FIFTEEN THOUSAND DOLLARS ($15,000.00) in full and final settlement and satisfaction of all claims asserted by Johnson against all the Defendants in the Lawsuit. The settlement payment shall be made in the form of a single check for $15,000.00 made out to Johnson and Barrett and Farahany, LLP, jointly. This check must <u>arrive</u> at the offices of Barrett and Farahany, LLP (1100 Peachtree Street, N.E. / Suite 500 / Atlanta, Georgia 30309) by December 31, 2013. Barrett and Farahany, LLP will hold the payment in its trust account until the U.S. District Court for the Northern District of Georgia (the "Court") approves the settlement, at which point the payment shall be disbursed among Johnson and her counsel as follows: $8,270.48 to Johnson, $6,729.52 to Barrett and Farahany, LLP.

3. <u>Payment of Settlement Amount:</u> The Plaintiff hereby confirms that the payment of the settlement amount has been made in full by I.T. Business Management Solutions, Inc. and the same is being held by her counsel in trust pending execution of this Settlement Agreement. She will therefore dismiss this matter with prejudice immediately after execution of the settlement agreement and approval of the same by the Court.

4. <u>Releases for Attorney Fees and Costs by all Parties</u>: For and in consideration of the promises and other consideration described in this Agreement, the Parties agree to release each of the other Parties from any claim for attorney fees or costs. Apart from the payment described in Paragraph 2, each Party shall be responsible for its or her own attorney fees and costs.

5. <u>Dismissal of Claims and Covenant Not to Sue.</u> For and in consideration of the payments, promises, and other consideration described in this Agreement, and as a material inducement for Defendants to enter into this Agreement, Johnson agrees to promptly cooperate with Defendants in obtaining Court approval of this Agreement and a simultaneous dismissal of the Lawsuit, with prejudice and without costs and fees. Johnson further covenants and agrees not to reinstate or reassert the Lawsuit or to assert any other claims, charges, complaints, or demands against any of the Releasees described in Paragraph 6 below. Johnson covenants and agrees not to appeal the Dismissal of this Lawsuit with Prejudice.

6. <u>General Release Given By Johnson.</u> In consideration of the promises and payments set forth herein, and as a material inducement for the Parties to enter into this Agreement, the Parties agree as follows:

    a. Johnson hereby unconditionally releases, acquits, and forever discharges Defendants, their parent companies, subsidiaries, affiliates, divisions, successors, insurers and

3

assigns, attorneys and all of their owners, shareholders, general or limited partners, directors, officers, and all successors and assigns thereof (collectively the "Releasees"), from any and all claims, charges, complaints, demands, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, entitlements, costs, losses, debts, and expenses (including attorneys' fees and legal expenses) of any nature whatsoever, known or unknown, which Johnson now has, had, or may hereafter claim to have had against the Releasees and/or any of them by reason of any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement.

    b. This Release includes a knowing and voluntary waiver and release of any and all claims arising out of any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement, whether known or unknown, including, but not limited to: claims for nonpayment of wages, overtime or bonuses or other claims pursuant to the Fair Labor Standards Act and the regulations promulgated by the United States Department of Labor (Johnson specifically agrees that she will have been paid all overtime, bonuses and wages due to her upon receipt of the payments set forth in Paragraph 2 of this Agreement), breach of contract, fraud, loss of consortium, emotional distress, personal injury, injury to reputation, injury to property, intentional torts, negligence, wrongful termination, constructive discharge, retaliation, discrimination, harassment, and any and all claims for recovery of lost wages or back pay, fringe benefits, pension benefits, liquidated damages, front pay, compensatory and/or punitive damages, attorneys' fees, injunctive or equitable relief, or any other form of relief under any federal, state, or local constitution, statute, law, rule, regulation, judicial doctrine, contract, or common law. Specifically included, without limitation, in this release is a knowing and voluntary waiver and release of all claims of

employment discrimination, including but not limited to disability discrimination, harassment, retaliation or any other claims under the Americans With Disabilities Act (42 U.S.C. § 12101 et seq.); any claims under the Americans With Disabilities Act Amendments Act of 2008; any claims under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 (42 U.S.C. § 2000 et seq.); any claims under the Fair Labor Standards Act (29 U.S.C. § 201 et seq.); any claims under the Family and Medical Leave Act (29 U.S.C. § 2601 et seq.); any claims under the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 et seq.); any and all federal or state laws pertaining to employment or employment benefits, and any and all other claims of any kind based on any federal, state, or local constitution, statute, law, rule, regulation, judicial doctrine, contract, or common law, or other theory arising out of any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement.

   c. Johnson expressly acknowledges that this Agreement may be pled as a complete defense and will fully and finally bar any and all claims, known or unknown, against any or all the Releasees based on any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement.

   d. Johnson acknowledges that this general release extends also to claims that she does not know or suspect to exist in her favor at the time of executing this Agreement which, if known to her, might have materially affected her decision to execute this Agreement. Johnson hereby knowingly and voluntarily waives and relinquishes all rights and benefits which she may have under applicable law with respect to such general release provisions.

   7. <u>Non-Disparagement and Non-Interference</u>. For and in consideration of the payments, promises, and other consideration described in this Agreement, Johnson agrees not to

make any negative statements or to take any action which disparages or criticizes Defendants concerning any matter occurring prior to the execution of this Agreement. Johnson agrees that a breach of this Paragraph is a material violation of this Agreement and that she shall be liable for all damages that any Defendant proves resulted from said violation in a federal court of competent jurisdiction.

8. <u>Judicial Approval of the Agreement</u>. The Parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 2 of this Agreement will be disbursed to Johnson until the Court has approved this Agreement. It shall be held in trust until such approval is reached, as described in Paragraph 2. In the event the Court fails to approve this Agreement, the Parties agree to cooperate to address the Court's concerns and work to obtain approval of this Agreement. If, despite these efforts, the Court still does not approve this Agreement, this Agreement shall become null and void and be of no further effect, and Plaintiff's counsel shall return the payment described in Paragraph 2.

9. <u>Tax Consequences</u>. Johnson shall be responsible for any tax consequences of any payment made pursuant to this Agreement. She shall indemnify Defendants and hold them harmless for any tax liability (including any penalties and/or attorneys' fees) incurred as a result of any payment described herein. Johnson acknowledges and agrees that Defendants are not undertaking to advise her with respect to any tax consequences of this Agreement, and that she is solely responsible for determining those consequences and satisfying all applicable tax obligations resulting from any payment described herein.

10. <u>No Assignment</u>. Johnson represents and warrants that she has not assigned to any other person, and that no other person is entitled to assert on her behalf, any claim against any of the signatories to this Agreement based on matters released in this Agreement. Johnson shall

indemnify and hold Defendants harmless for any liability, costs, or expenses (including any penalties and/or attorneys' fees) incurred in the defense or as a result of any such claims.

11. <u>Liens</u>. Johnson warrants, represents, covenants, and agrees that no person, firm, or other entity has asserted, currently asserts, or to her knowledge will assert a lien or claim of lien with respect to any portion of the settlement amount, and that ITBMS may make the settlement amount payable to Johnson and Barrett & Farahany, LLP, as attorneys for Johnson, and not to any other person, firm or other entity. Johnson agrees, covenants, and represents that she shall defend and indemnify Defendants, and the other Releasees and hold them harmless from any and all claims, demands, actions, and causes of action, losses, costs, attorneys' fees, penalties or expenses arising out of or related to any liens, claims of liens, or nonpayment of any liens that have been or could be asserted as against the settlement amount.

12. <u>Complete Agreement</u>. This Agreement supersedes all previous agreements between and among the parties hereto, if any, with respect to the subject matter referred to herein. The Parties each affirm that the only consideration for executing this Agreement is the promises expressly contained or described herein. Johnson further represents and acknowledges that, in executing this Agreement, she does not rely and has not relied upon any promise, inducement, representation, or statement by Defendants or any of the Releasees or their agents, representatives, or attorneys about the subject matter, meaning, or effect of this Agreement that is not stated in this document.

13. <u>Construction</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Agreement is the result of arms-length negotiation between the parties with full participation of their counsel. Although the initial draft was prepared by counsel for Plaintiff as

a convenience to the Parties, the final Agreement reflects substantive participation of all parties. The paragraph headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement. If any provision of this Agreement is declared or determined by any court to be illegal or invalid, that part shall be excluded from the Agreement, but the validity of the remaining parts, terms, or provisions shall not be affected.

14. <u>Georgia Law</u>. This Agreement shall be governed, construed, and interpreted under and in accordance with the laws of the State of Georgia.

15. <u>Breach of this Agreement By Any Party</u>. The prevailing party in any action to enforce any terms of this Agreement shall be entitled to attorneys' fees and costs reasonably incurred in such action.

16. <u>Acknowledgments</u>. Johnson acknowledges and represents that the waiver and release of claims herein are knowing and voluntary and are given only in exchange for consideration. Johnson acknowledges that the language of this Agreement is understandable to her and is understood by her and that she has been given a reasonable period within which to consider the Agreement before executing it. Johnson further acknowledges that she has been and is hereby advised to consult, and in fact consulted an attorney of her choosing before executing the Agreement, and that she has obtained all advice and counsel she needs to understand all terms and conditions of this Agreement.

17. <u>Acknowledgements and Affirmations</u>. Johnson affirms she has not filed, caused to be filed, and presently is not a party to any claim, charge, complaint, or action against the Released Parties in any forum or form, except for the aforementioned action she has filed in the Northern District of Georgia titled *Erin Johnson v. IT Business Management Solutions, Inc., Tata Consultancy Services, Ltd., and The Home Depot, Inc.* (Civil action # 1:13-cv-02810-ODE).

Johnson further affirms she has reported all hours worked as of the date Johnson signs this release and has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement. Johnson further affirms she has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act. Johnson acknowledges that because of circumstances unique to her including, but not limited to, irreconcilable differences with Released Parties, she shall not apply in the future for employment with Released Parties.

18. The Parties acknowledge this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Johnson agrees that if such an administrative claim is made, she shall not be entitled to recover any individual monetary relief or other individual remedies.

19. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

20. <u>Execution</u>. This Agreement may be executed in one or more counterparts as originals, all of which constitute one original.

SIGNATURES ON FOLLOWING PAGE

THE UNDERSIGNED HAVE CAREFULLY READ THIS "SETTLEMENT AGREEMENT AND GENERAL RELEASE"; THEY KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY HAVE NOT BEEN COERCED INTO SIGNING THIS AGREEMENT.

| Date | Signature |
|---|---|
| 1-8-14 | _(signed)_ Erin Johnson |
| 1-8-14 | IT Business Management Solutions, Inc.<br>By: _(signed)_ JAGANNATHAN VINAYAGAM<br>Its: CEO |
|  | Tata Consultancy Services, Ltd.<br>By: ___<br>Its: ___ |
|  | The Home Depot, Inc.<br>By: ___<br>Its: ___ |

THE UNDERSIGNED HAVE CAREFULLY READ THIS "SETTLEMENT AGREEMENT AND GENERAL RELEASE"; THEY KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY HAVE NOT BEEN COERCED INTO SIGNING THIS AGREEMENT.

| | |
|---|---|
| *1-8-14* <br> **Date** | *[signature]* <br> Erin Johnson |
| <br><br><br><br> **Date** | IT Business Management Solutions, Inc. <br><br> By: _____ <br><br> Its: _____ |
| <br> *01-09-2014* <br><br> **Date** | Tata Consultancy Services, Ltd. <br><br> By: *[signature]* <br><br> Satyanarayan S. Hegde <br> Its: Sr. Vice President & General Counsel |
| <br><br><br><br> **Date** | The Home Depot, Inc. <br><br> By: _____ <br><br> Its: _____ |

THE UNDERSIGNED HAVE CAREFULLY READ THIS "SETTLEMENT AGREEMENT AND GENERAL RELEASE"; THEY KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY HAVE NOT BEEN COERCED INTO SIGNING THIS AGREEMENT.

| Date | Signature |
|---|---|
| 1-8-14 | _[signature]_ <br> Erin Johnson |
| Date: _____ | IT Business Management Solutions, Inc. <br><br> By: _____ <br><br> Its: _____ |
| Date: _____ | Tata Consultancy Services, Ltd. <br><br> By: _____ <br><br> Its: _____ |
| 1-9-2014 | The Home Depot, Inc. <br><br> By: _[signature] Stephan A____ <br> Its: Senior Counsel |